**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION**

| | | |
|---|---|---|
| MAE K. MOORE, | * | |
| | * | |
| Claimant, | * | |
| | * | |
| vs. | * | CASE NO.   6:04-CV-51 (HL) |
| | * | |
| JO ANNE B. BARNHART, | * | |
| COMMISSIONER OF | * | |
| SOCIAL SECURITY, | * | |
| | * | |
| Defendant. | * | SOCIAL SECURITY APPEAL |
| _____ | * | |

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's determination, denied Claimant's application for a period of disability and supplemental security income benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations.  Claimant contends that the Commissioner's decision was in error, and she seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c).  All administrative remedies have been exhausted.

### LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied.  *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987).  Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420,

28 L. Ed. 2d 842 (1971).   The court's role in reviewing claims brought under the Social

Security Act is a narrow one.   The court may not decide facts, reweigh evidence, nor

substitute its judgment for that of the Commissioner.[1]  *Bloodsworth v. Heckler*, 703 F.2d

1233, 1239 (11th Cir. 1983).  It must, however, decide if the Commissioner applied the proper

standards in reaching a decision.  *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980).  The

court must scrutinize the entire record to determine the reasonableness of the

Commissioner's factual findings.  *Bloodsworth v. Heckler*, 703 F.2d at 1239.  However, even

if the evidence preponderates against the Commissioner's decision, it must be affirmed if

substantial evidence supports it. *Id.*   The initial burden of establishing disability is on the

claimant.  *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973).  The claimant's burden is a

heavy one and is so stringent that it has been described as bordering on the unrealistic.

*Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).

    A claimant seeking Social Security disability benefits must demonstrate that she

suffers from an impairment that prevents her from engaging in any substantial gainful

activity for a twelve-month period.   42 U.S.C. § 423(d)(1).  In addition to meeting the

requirements of these statutes, in order to be eligible for disability payments, a claimant must

meet the requirements of the Commissioner's regulations promulgated pursuant to the

---

[1]Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986).  See also *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

authority given in the Social Security Act.  20 C.F.R. § 404.1 et seq.

Under the regulations, the Commissioner determines if a claimant is disabled by a five-step procedure.  20 C.F.R. § 404.1520, Appendix 1, Part 404.  First, the Commissioner determines whether the claimant is working.  Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities.  Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations.  Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work.  Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work.  In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each, if considered separately, would be disabling.  *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).  The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal.  *Id.*

## ISSUES

I.      **Whether the ALJ erred in finding that the Claimant did not meet the listings?**

II.     **Whether the ALJ's decision is supported by substantial evidence?**

III.    **Whether the medical evidence attached to Claimant's brief warrants a remand?**

## DISCUSSION

## Administrative Proceedings

Claimant filed her second[2] and current application for a period of disability and supplemental security income benefits on February 26, 2002, with a protective filing date of February 13, 2002.  (R-56). Claimant contends she became disabled on May 15, 2001, due to diabetes, numbness in her feet, high blood pressure, and pain in her right arm.  (R-56-60). Her application was denied initially on July 17, 2001, and upon reconsideration. (R- 21, 28).  The Claimant then requested a hearing in front of an administrative law judge (ALJ) which was held on April 14, 2004. (R-13).  Subsequent to the hearing, the ALJ found that the Claimant was not disabled in a decision dated May 24, 2004. (R- 10-18).  Claimant requested review of the ALJ's finding by the Appeals Council on July 20, 2004.  The Appeals Council thereafter denied review, making the ALJ's decision the final decision of the Commissioner.

## Statement of Facts and Evidence

In the decision, the ALJ found that Claimant had severe impairments consisting of insulin dependent diabetes mellitus with peripheral neuropathy of the lower extremities, lumbar spondylosis, obesity, hypertension and mild cardiomegaly. (R- 15).  The ALJ found, however,  that those impairments, either alone or in combination, did not meet or equal any of the relevant Listings. *Id.*  The ALJ then found that Claimant retained the residual functional capacity to perform light work. (R- 18).  The ALJ found that Claimant could

---

[2]Claimant filed her first application for disability benefits and was denied on June 19, 1996.  (R-56).

4

return to her past relevant work as a short order cook or a companion.  (R-17).

I.      **Whether substantial evidence supports the Administrative Law Judge's finding that Claimant's impairments did not meet or equal a listed impairment?**

In her Brief, Claimant argues that the although medical evidence was presented that she suffers from a bulging disc, arthritic problems, and diabetes, the ALJ "failed to consider that Claimant's conditions meet the listings" and found that Claimant was not disabled. (Claimant's Brief, p. 1-2).  Claimant, however, did not refer to any specific Listing or state which condition(s) met said Listing.

The law is clear that a claimant bears the burden of providing evidence that she is disabled withing the meaning of the Social Security Act.  *See* 42 U.S.C. §§ 423(d)(5)(A), 1382c(a)(3)(H)(i); 20 C.F.R. § 416.912(a), (c) 2004; and *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).  If Claimant had medical or other evidence which proved that she met one of the Listings, it was her responsibility to produce that evidence to the ALJ.  In this case, Claimant failed to do so.

After reviewing all of the evidence of record, the ALJ found that Claimant had been diagnosed with insulin dependent diabetes mellitus with peripheral neuropathy of the lower extremities, lumbar spondylosis, obesity, hypertension, and mild cardiomegaly. (R-15).  The ALJ found that these impairments, in combination with one another, had "more than a minimal effect on the Claimant's ability to perform work-related functions," that they were "severe" within the regulatory definition (20 C.F.R. § 416.921 ans SSR 96-3p).   *Id*.  The

Regulations require the Commissioner to determine whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404. After reviewing the entire medical record, including the reports by the state agency consultants, the ALJ in this case assessed the Claimant's impairments and found that none of her impairments met or equaled the criteria of any listed impairment. *Id.* Specifically, the ALJ reviewed the Claimant's medical records and her testimony regarding her subjective allegations of pain and discussed those in depth in her decision:

> The claimant has a history of insulin dependent diabetes mellitus since at least 1997. In November 2001, she was seen for complaints of leg pain and numbness in her toes. Examination revealed no swelling in the lower extremities and although she complained of pain, there was no significant tenderness to palpation. Straight-leg test was negative and on sensory testing she could still feel a light touch in most areas of the foot. Pulses were strong and her feet were cool and dry. The assessment was early peripheral neuropathy.
>
> On June 6, 2002, the claimant was seen for a consultative examination. Examination showed a well developed, well nourished, moderately obese, well groomed individual in no apparent distress. Examination was normal in all areas, including range of motion of all major muscle groups. A chest x-ray revealed a **mildly** enlarged heart and impression was **mild** cardiomegaly.
>
> More recent treatment records show the claimant attended physical therapy sessions for lumbar spondylosis. Examination on October 3, 2003, showed the claimant was able to walk normally, and she had a full range of motion in her neck. She could bend to touch her knees, and her pulses were normal. Range of motion in her back and lower extremities were all within normal range.

*Id.* (Emphasis in the original). The ALJ found that no treating or examining physicians had

placed any limitations or restrictions upon the Claimant because of these severe impairments. *Id*. The ALJ further found that there was no history of surgery or hospitalizations nor had any been recommended based on said impairments. *Id*. The ALJ found that although Claimant had "severe" impairments, they did not meet the criteria of any of the listed impairments described in Appendix 1 of the Regulations (20 C.F.R., Subpart P, Appendix 1). *Id*. The ALJ further found from her examination of the evidence:

> No treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment, nor does the evidence show medical signs or findings that are the same or equivalent to those of any listed impairment, including Sections 1.00 (Musculoskeletal System), 4.00 (Cardiovascular System), or 9.00 (Endocrine System). The claimant lacks the requisite medical findings of an impairment that would preclude all gainful activity. Her muscoskeletal system and cardiovascular system are not substantially dysfunctional nor is she greatly limited.

*Id*. After a thorough review of the record, this Court finds that the ALJ properly found that Claimant did not meet the criteria of any listed impairment, and supported said finding with substantial evidence.

**II.    Was the ALJ's decision that the Claimant is not disabled is supported by substantial evidence?**

Where an ALJ finds that the Claimant's impairments do not meet the relevant Listing, the Regulations next require her to make a determination as to whether the Claimant still has the residual functional capacity to engage in gainful employment by returning to her former work. 20 C.F.R. §§ 404.1545 and 416.945, Social Security Ruling 96-8p. Here, the ALJ

found that the Claimant retained the residual functional capacity to perform light work with a limitation on lifting and carrying to twenty pounds occasionally and ten pounds frequently. (R- 17-18).  The ALJ based her decision on the evidence of record, including the post-evaluation opinions of state agency consultants, as well as the claims of pain and limitations as subjectively alleged by the Claimant which, based on the medical evidence of record, she found less than credible.  (R-16-17).

Once a Claimant's residual functional capacity is determined, the next procedural step requires the ALJ to decide whether the Claimant can perform her past work, and if not, whether there is any work in the economy that this Claimant could engage in, given her impairments. In the instant case, after reviewing the record as a whole along with the Claimant's subjective allegations of pain, the ALJ found that Claimant was capable of performing her past work. (R-16-17).  The ALJ found that "[b]ecause Claimant is capable of returning to her past relevant work, she has failed to overcome her burden of proof at the fourth step of the sequential process and it is not necessary to continue with the final step of the sequential process." (R-17).  If the ALJ had found Claimant incapable of performing her past work, however, the burden would have shifted to the Commissioner to produce evidence that there is alternate employment available in significant numbers in the national economy that claimant has the capacity to perform. 20 C.F.R. §§ 404.920(f)(1), 404. 1512(a).

After reviewing the record, this Court finds no error in the ALJ's finding that the Claimant had the RFC to perform light work, or that the Claimant could return to her past

relevant work, and finds further that the decision of the ALJ is supported by substantial evidence.

## III.   Whether evidence attached to Claimant's Brief warrants a remand for administrative consideration?

On July 20, 2004, a Request for Review of Hearing Decision/Order was filed by Claimant. The reason Claimant stated she was requesting review was, "Claimant is disabled and the ALJ's findings failed to properly consider her current and complete medical condition in rendering the decision. The ALJ's decision should be overturned and the case should be remanded for additional consideration." (R-8). It is apparent from the record that Claimant attached additional medical evidence to her request. (R-4-7).

Evidence submitted to the Appeals Council can be considered when evaluating whether a case should be remanded under sentence six of 42 U.S.C. 405(g), provided the claimant establishes that (1) new, non-cumulative evidence exists, (2) the evidence is material such that a reasonable possibility exists that the new evidence would change the administrative result, and (3) good cause exists for the failure to submit the evidence at the appropriate administrative level. *Caulder v. Bowen*, 791 F.2d 872, 876 (11th Cir. 1986); *Cherry v. Heckler*, 760 F.2d 1186, 1192 (11th Cir. 1985). The Appeals Council will review an ALJ's decision only when it determines, after review of the entire record including the new and material evidence, that the decision is contrary to the weight of the evidence currently in the record. *See* 20 C.F.R. § 404.970; *Falge*, 150 F.3d at 1324. In the case at

9

bar, said evidence was considered by the Appeals Council and determined not to provide a basis for changing the Administrative Law Judge's decision.[3] (R-4-7). In her current brief, Claimant submitted medical records dated October 7, 2004, October 12, 2004, and December 8, 2004, for the first time to the District Court on appeal. Claimant does so without the slightest mention of said records in her brief, nor any explanation or argument as to how said evidence might be material.

The relevant question before the Court is whether Claimant was "entitled to benefits during a specific period of time, which period was necessarily prior to the date of the ALJ's decision." *Wilson v. Apfel*, 179 F.3d 1276, 1279 (11th Cir. 1999). The newly submitted evidence from October and December 2004, are not material to the time frame of the ALJ's decision and do not warrant remand. Case law is very clear that the burden rests with Claimant to prove all of the elements of *Caulder,* before newly submitted medical evidence will be accepted. This is notable as Claimant has failed to prove or even allege, that the evidence is material such that a reasonable possibility exists that the new evidence would change the administrative result.

If Claimant feels that her condition deteriorated after the decision of the ALJ, she should file a new application, as the subsequent deterioration is not relevant to Claimant's condition prior to the date of the ALJ's decision. *Wilson v. Apfel*, 179 F.3d 1276, 1279.

Therefore, this Court finds that the newly submitted medical evidence submitted by

---

[3] Those records were dated June and July, 2004.

10

Claimant with her brief is not material and does not warrant remand to the ALJ for reconsideration.

## CONCLUSION

In reviewing the record, no evidence of error is found to substantiate the Claimant's contention that the ALJ erred in  finding that Claimant did not meet the criteria of any listed impairment and was not disabled.  This Court finds no error in the ALJ's finding that the Claimant was capable of performing her past relevant work and had the RFC to perform light work.  This Court further finds that the decision of the ALJ is supported by substantial evidence.   Furthermore, the record fails to reveal evidence of the ALJ acting outside of her judicial role in determining the extent of the Claimant's disability.

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the defendant Commissioner of Social Security be **AFFIRMED**.

Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this Recommendation.

THIS the 26th day of April, 2005.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mZc

11